<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DAVID HENRY PINCKNEY**,<br><br>Plaintiff,<br><br>v.<br><br>**OCONNOR,** *et al.*,<br><br>Defendants. | Civil Action No. 23-22563 (ZNQ) (JTQ)<br><br>**MEMORANDUM ORDER** |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon Plaintiff David Henry Pinckney's ("Plaintiff" or "Pinckney") application to proceed *in forma pauperis* ("IFP") (ECF No. 1-2), together with his Amended Complaint (ECF No. 5) against Defendants OConnor (no first name), Darrin J. Russo, and Somerset Sheriff Department. For the reasons set forth below, Plaintiff's IFP application is **GRANTED** but his Amended Complaint is hereby **DISMISSED** without prejudice.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

The following facts are derived from the Amended Complaint. Plaintiff used a form complaint, but the information he provides on the form is sparse. He asserts federal question jurisdiction. (ECF No. 5 at 2.) As the basis for federal question jurisdiction, he cites "28 U.S.C. § 2007, Fraud, Trespass, False Arrest." He alleges that on October 31, 2019, he was "kidnapped" by Defendant OConnor "on a civil arrest warrant" "for non-payment on a debt." (*Id*. at 3.) As a result, Plaintiff alleges he suffered "Imprisonment/Trespass/False Arrest/Kidnapping." (*Id*. at 4.)

## II. LEGAL STANDARD

To proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an affidavit that states all income and assets, inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." 28 U.S.C. § 1915(a)(1); *Glenn v. Hayman*, Civ. No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). "In making such an application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Keefe v. NJ Dep't of Corr.*, Civ. No. 18-7597, 2018 WL 2994413, at *1 (D.N.J. June 14, 2018) (quoting *Simon v. Mercer Cnty. Cmty. Coll.,* Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)).

### A. REVIEW PURSUANT TO 28 U.S.C. § 1915(e)

To guard against potential "abuse" of "cost-free access to the federal courts," 28 U.S.C. § 1915(e) empowers district courts to dismiss an IFP complaint if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards. *See Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim for which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). *See* 28 U.S.C. § 1915(e)(2)(B); *see also Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).").

Although courts construe pro se pleadings less stringently than formal pleadings drafted by attorneys, pro se litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### III. <u>DISCUSSION</u>

#### A. IFP SCREENING

Based on the information Pinckney provided with respect to his financials, the Court finds it is appropriate to permit him to proceed IFP. Accordingly, the Court will **GRANT** Pinckney's application.

#### B. REVIEW OF THE AMENDED COMPLAINT

The Court has also reviewed the Amended Complaint and finds that fails to state a claim. Plaintiff cites 28 U.S.C. § 2007 as a basis for federal question jurisdiction in what appears to be the belief that the statute prohibits the kind of imprisonment he experienced in 2019. The Court infers, at least at this stage, that it was Defendant Somerset Sheriff's Department that took Plaintiff into custody and that Defendants OConnor and Russo are members of the Sheriff's Department. To the extent Plaintiff believes 28 U.S.C. § 2007 prohibited his imprisonment, he is mistaken. In relevant part, Section 2007 states: "(a) A person shall not be imprisoned for debt on a writ of execution or other process *issued from a court of the United States* in any State *wherein imprisonment for debt has been abolished*." 28 U.S.C. 2007(a). Thus, the statute only precludes a *federal* court from ordering the imprisonment of a person in a state that has abolished imprisonment for debt. First, the Amended Complaint does not allege that it was a federal court

3

that issued the arrest warrant likely at issue. Second, New Jersey expressly permits incarceration in certain circumstances, including a circumstance that may be relevant here: when a party fails to pay child support. *See* N.J. Court Rule 5.37(b) ("On finding that a party has violated . . . [a] child support order the court may, in addition to the remedies provided by [Rule] 1:10-3, grant any of the following remedies, either singly or in combination: . . . (6) incarceration, with or without work release."); *State v. Lawrence*, 233 A.3d 576, 579 (N.J. App. Div. 2020) (citing same). For both these reasons, assuming Section 2007 provides a private right of action, the Court finds that the Amended Complaint fails to state a claim under Section 2007.

The remainder of the claims in the Amended Complaint—Imprisonment, Trespass, False Arrest, and Kidnapping—are likewise problematic. To the extent that Plaintiff may be seeking to pursue these claims as either tort claims under state law or as federal civil rights violations under 18 U.S.C. § 1983, those claims are subject to the statute of limitations for personal injury actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *O'Connor v. City of Newark,* 440 F.3d 125, 126 (3d Cir. 2006). Here, New Jersey has a two-year statute of limitations for personal injury actions. *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 276 (3d Cir. 2004), *see* N.J.S.A. § 2A 14-2. Insofar as Plaintiff alleges his detention took place in October of 2019 and the Complaint in this case was not filed until over four years later in November of 2023, the Court finds that these claims are barred as untimely.

For the reasons set forth above, the Amended Complaint is **DISMISSED** without prejudice. Given Plaintiff's pro se status, he may file a Second Amended Complaint, which will be screened again pursuant to 28 U.S.C. § 1915(e)(2)(B).

Therefore, **IT IS** on this 12th day of September 2025,

4

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**; it is further

**ORDERED** that the Amended Complaint is hereby **DISMISSED** without prejudice it is further

**ORDERED** that Plaintiff may file a Second Amended Complaint within **30 days of this Order,** limited to curing the defects identified in this Order; it is further

**ORDERED** that if Plaintiff fails to file a Second Amended Complaint by that deadline that remedies the defects identified in this Order, this matter may be dismissed with prejudice; it is further

**ORDERED** that no summons shall issue at this time; it is further

**ORDERED** that the Clerk's Office shall send a copy of this Order to Plaintiff by regular U.S. mail; and it is further

**ORDERED** that the Clerk's Office is instructed to **ADMINISTRATIVELY TERMINATE** this matter pending the submission of a Second Amended Complaint.

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
